# In the United States Court of Federal Claims

No. 26-207C
(Filed: May 19, 2026)
**NOT FOR PUBLICATION**

```
****************************************
NATRESHA T. DAWSON-PASCHALL,    *
                                *
            Plaintiff,          *
                                *
v.                              *
                                *
THE UNITED STATES,              *
                                *
            Defendant.          *
                                *
****************************************
```

## OPINION AND ORDER

Plaintiff Natresha T. Dawson-Paschall, proceeding *pro se*, raises various claims against the United States and other parties. *See* Am. Compl. (ECF 6). She has filed an application to proceed *in forma pauperis*. *See* App. (ECF 7). The government opposes the application and has moved to dismiss for lack of jurisdiction. *See* Mot. (ECF 11); RCFC 12(b)(1). The motion to dismiss is fully briefed. *See* Resp. (ECF 12); Reply (ECF 14). Plaintiff has filed a series of additional motions, *see* (ECF 10, 13, 18, 19, 23), which I have reviewed for material that may be relevant to jurisdiction. The application for leave to proceed *in forma pauperis* is **GRANTED**. The motion to dismiss is **GRANTED**. Plaintiff's motions are **DENIED AS MOOT**. The case is **DISMISSED**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims, most commonly non-tort claims for money damages under the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x

917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)); *see also Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)) (explaining that *pro se* litigants are "entitled to a liberal construction of [their] pleadings").

Here, many of Plaintiff's claims are directed against parties other than the United States. Am. Compl. at 21–22 ¶¶ 41–44. This Court cannot hear claims against defendants other than the United States. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941).

Plaintiff may intend to challenge rulings by other courts. This Court does not have authority to review decisions of other courts. *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).

To the extent Plaintiff's claims are directed against the United States, most claims in this Court are premised on (1) contracts between the plaintiff and the United States, (2) illegal exactions of money by the United States, or (3) laws or constitutional provisions that require the United States to pay money to the plaintiff. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing 28 U.S.C. § 1491(a)(1)); *Spencer v. United States*, 98 Fed. Cl. 349, 355 (2011). Plaintiff does not appear to claim that she had a contract with the United States or that the United States exacted money from her. Although she cites several statutes and constitutional provisions that the United States allegedly violated, none supports jurisdiction here.

Plaintiff characterizes her claims as arising under the Federal Tort Claims Act and 42 U.S.C. § 1983. *See* Am. Compl. at 1. This Court has no jurisdiction over cases that sound in tort, 28 U.S.C. § 1491(a)(1), nor over Section 1983 and other civil rights laws, *see Doiban v. United States*, 173 Fed. Cl. 527, 544 (2024) (citing *Ganaway v. United States*, 557 F. App'x 948, 949 (Fed. Cir. 2014)).

Plaintiff's claims appear to involve employment disputes arising from Plaintiff's time as a federal employee. This Court lacks jurisdiction over employment discrimination claims, *see Taylor v. United States*, 310 F. App'x 390, 393 (Fed. Cir. 2009), and "claims brought by federal employees regarding adverse personnel decisions are within the exclusive purview of" the Merit Systems Protection Board, *see Honse v. United States*, 149 Fed. Cl. 792, 796 (2020) (citing 5 U.S.C. § 7701 and *United States v. Fausto*, 484 U.S. 439, 454 (1988)). Plaintiff mentions claims for workers compensation, which this Court has also held to be outside its jurisdiction. *See Gibson v. United States*, No. 13-664, 2014 WL 1394374, at *2 (Fed. Cl. Apr. 9, 2014) (citing *Gallo v. United States,* 76 Fed. Cl. 593, 608 (2007), *aff'd,* 529 F.3d 1345 (Fed. Cir. 2008)).

Plaintiff mentions various constitutional provisions, but none requires payment of money, so they do not support jurisdiction either. *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (First Amendment); *Brown*, 105 F.3d at 623 (Fourth Amendment); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (Eighth Amendment); *Greene v. United States*, No. 22-1711C, 2023 WL 3454821, at *2 (Fed. Cl. May 15, 2023) (Fourteenth Amendment).

## CONCLUSION

The application for leave to proceed *in forma pauperis* (ECF 7) is **GRANTED**. Defendant's motion to dismiss (ECF 11) is **GRANTED**. The remaining motions (ECF 10, 13, 18, 19, 23) are **DENIED AS MOOT**. The case is **DISMISSED**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge

- 3 -